IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

IN RE SUBPOENA TO TESTIFY
BEFORE GRAND JURY

)
) No. _____
)
) **UNDER SEAL**

## BERRIEN SUTTON'S AND SUTTON AND ASSOCIATES, P.C.'S MOTION TO QUASH SUBPOENA TO TESTIFY BEFORE GRAND JURY

Filed at _____ 4:00 P M
DATE 3/5/08
_____
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

COME NOW, Berrien Sutton and Sutton and Associates, P.C., Petitioners herein, and file this, their Motion to Quash Subpoena to Testify Before Grand Jury, pursuant to Federal Rule of Criminal Procedure 17 and respectfully show as follows:

1.     On January 7, 2008, a Subpoena to Testify Before Grand Jury ("Subpoena"), a true and correct copy of which is attached as Exhibit "A," was issued by the Grand Jury directing "Sutton and Associates, Inc." to appear to testify before the Grand Jury and to produce "[a]ll billing records and accounts receivable related to Berrien Sutton's representation of Blitch Ford, Brett Blitch, Margaret 'Peg' Blitch, and/or Judge Brooks E. Blitch." Exhibit A.

2.     For the reasons set forth at length in Petitioners' Brief in Support of Motion to Quash Subpoena to Testify Before Grand Jury, Petitioners' Fifth Amendment privilege against self-incrimination protects against compliance with the Subpoena since production of records in response to the Subpoena would be a testimonial act and force Petitioners to admit the existence of responsive records; Petitioners' possession, custody and control of responsive records; as well as the records' authenticity.

3.     Compliance with the Subpoena should further not be required due to the fact that the Subpoena is unreasonable, overbroad and oppressive pursuant to Federal Rule of Criminal Procedure 17(c) in that it is directed to a non-existent entity

unrelated to Petitioners, and contains no limitation in its scope as to period of time covered or non-privileged information.

4.     Compliance with the Subpoena should further not be required due to the fact that the Subpoena seeks information regarding the motives and strategies of legal representations and legal services performed which are protected by attorney-client confidentially and the attorney-client privilege.

WHEREFORE, for the reasons set forth herein and in Petitioners' Brief in Support of Motion to Quash Subpoena to Testify Before Grand Jury, Petitioner Berrien Sutton and Petitioner Sutton and Associates, P.C., respectfully request that their Motion to Quash Subpoena to Testify Before Grand Jury be granted and that Petitioners be relieved of any compliance with the Subpoena to Testify Before Grand Jury. In the event that any compliance with the Subpoena to Testify Before Grand Jury is required, Petitioners respectfully request that this Court conduct an *in camera* inspection of any documents and only allow disclosure of information not subject to any privilege or other protection.

Respectfully submitted, this 4th day of March, 2008.

s/Thomas A. Withers
Thomas A. Withers, Esq.
Georgia Bar No. 772250
GILLEN WITHERS & LAKE, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (404) 842-9700
Facsimile: (404) 842-9750
E-mail: **twithers@gwllawfirm.com**

*Counsel for Berrien Sutton and
Sutton and Associates, P.C.*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

)
IN RE SUBPOENA TO TESTIFY    ) No. _____
BEFORE GRAND JURY    )
) **UNDER SEAL**

## BERRIEN SUTTON'S AND SUTTON AND ASSOCIATES, P.C.'S BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA TO TESTIFY BEFORE GRAND JURY

Filed at _____ PM
DATE _____

DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

COME NOW, Berrien Sutton and Sutton and Associates, P.C., Petitioners herein, and file this, their Brief in Support of Motion to Quash Subpoena to Testify Before Grand Jury, under seal, and respectfully show as follows:

## I. BACKGROUND AND SUMMARY OF THE ARGUMENT

Petitioners were served with a Subpoena to Testify Before Grand Jury ("Subpoena"), a true and correct copy of which is attached as Exhibit "A," directed to "Sutton and Associates, Inc.," on January 7, 2008. The Subpoena commands "Sutton and Associates, Inc." to appear to testify before the Grand Jury and to produce "[a]ll billing records and accounts receivable related to Berrien Sutton's representation of Blitch Ford, Brett Blitch, Margaret 'Peg' Blitch, and/or Judge Brooks E. Blitch." Exhibit A.

Petitioner Berrien Sutton is a target of the Grand Jury investigation[1], and persons and entity named in the Subpoena are also targets or subjects of the investigation. Petitioners' Fifth Amendment privilege against self-incrimination prevents compliance with the Subpoena since production of the requested documents would be a testimonial act and require Petitioners to admit the existence of the documents; Petitioners' possession, custody and control of the documents; and the

---

[1] *See* Target Letter from the United States District Attorney's Office for the Middle District of Georgia, a true and correct copy of which is attached as Exhibit "B."

1

documents' authenticity. The Subpoena is further unreasonable, overbroad and oppressive in that it is directed to a non-existent entity and contains no limitation as to the time period covered or non-privileged information. Finally, the Subpoena demands information regarding the motives and strategies of legal representations and legal services performed which is protected from disclosure by attorney-client confidentially and the attorney-client privilege. For these reasons, as discussed herein, Petitioners should be relieved of compliance with the Subpoena and the Subpoena should be quashed.

## II. ARGUMENT AND CITATION OF AUTHORITIES

### A. Petitioners' Privilege Against Self-Incrimination Protects Against Compliance with the Subpoena

The Fifth Amendment to the United States Constitution, provides, in relevant part, that no person "shall be compelled in any criminal case to be a witness against himself..." U.S.Const.Amend. V. "The Fifth Amendment's privilege against compulsory self-incrimination may be invoked 'when acting as a witness in any investigation, to give testimony which might tend to show that [the witness] had committed a crime.'" *United States v. Holloway*, 74 F.3d 249, 253 (11th Cir. 1996) (quoting *Counselman v. Hitchcock*, 142 U.S. 547, 562, 12 S.Ct. 195 (1892)). "'Its sole concern is to afford protection against being 'forced to give testimony leading

2

to the infliction of penalties affixed to... criminal acts.'" *Id.* (quoting *Kastigar v. United States,* 406 U.S. 441, 453, 92 S.Ct. 1653 (1972); quoting *Ullmann v. United States,* 350 U.S. 422, 438-39, 76 S.Ct. 497 (1956)).

For the purposes of the Fifth Amendment privilege against self-incrimination, "[t]estimony is not limited to oral declarations, but may include, *inter alia*, the production of documents." *Grand Jury Subpoena Dated April 9, 1996 v. Smith*, 87 F.3d 1198, 1200 (11th Cir. 1996) (citing *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237 (1984); *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569 (1976)). "A government subpoena compels the holder of the document to perform an act that may have testimonial aspects and an incriminating effect." *Doe*, 465 U.S. at 612; *see also Smith*, at 1200 (quoting *Fisher v. United States*, 425 U.S. 391, 410, 96 S.Ct. 1569 (1976)). As the Eleventh Circuit Court of Appeals has expressly recognized, "**[T]he act of production alone can constitute self-incriminating testimony if it forces the subject of the subpoena to admit the existence of the subpoenaed documents, his possession and control of the documents, and their authenticity.**" *In re Grand Jury Subpoena Duces Tecum*, 754 F.2d 918, 920-21 (11th Cir. 1985) (emphasis added); *see also United States v. Hubbell*, 530 U.S. 27, 36, 120 S.Ct. 2037 (2000); *In re Grand Jury Subpoena*, 646 F.2d 963, 968 (5th Cir. 1981) ("The prevailing justification for the fifth amendment's application to documentary subpoenas is the

3

'implicit authentication' rationale... [T]he testimonial component involved in

compliance with an order for production of documents 'is the witness' assurance,

compelled as an incident of the process, that the articles produced are the ones

demanded'") (internal citations omitted) (quoting *Fisher*, at 412 n.12; citing

Wigmore, *Evidence*, § 2264 at 380 (McNaughton rev. 1961)). As the Supreme Court

has held, a grand jury subpoena is not:

> [S]ome talisman that dissolves all constitutional protections. The grand
> jury cannot require a witness to testify against himself. It cannot require
> the production by a person of private books and records that would
> incriminate him. [Cit.]. [Fn.]. The Fourth Amendment provides
> protection against a grand jury subpoena *duces tecum* too sweeping in
> its terms "to be regarded as reasonable." [Cits.]... [T]he Constitution
> c[annot] not tolerate the transformation of the grand jury into an
> instrument of oppression..."Grand juries are subject to judicial control
> and subpoenas to motions to quash."

*United States v. Dionisio*, 410 U.S. 1, 11-12, 93 S.Ct. 764 (1973) (citing *Boyd v.*

*United States*, 116 U.S. 616, 633-635, 6 S.Ct. 524 (1883); *Hale v. Henkel*, 201 U.S.

43, 76, 26 S.Ct. 370 (1906); *Oklahoma Press Publishing Co. v. Walling*, 327 U.S.

186, 208, 217, 66 S.Ct. 494 (1946); *Branzburg v. Hayes*, 408 U.S. 665, 707-08, 710,

92 S.Ct. 2646 (1972)).

The Subpoena which the Government has caused the Grand Jury to issue

broadly requests "all" billing records and accounts receivables relating to the named

individuals and entity. Compliance with the Subpoena would force Petitioner Berrien

4

Sutton to admit that billing or accounts receivables records relating to the named individuals and/or entity exist; that Petitioners have possession, custody or control over such records; and that any records produced pursuant to the Subpoena are authentic—i.e. that they are the records sought by the Subpoena. Production of evidence responsive to the Subpoena would therefore constitute a "testimonial act" which might tend to incriminate Petitioner against his Fifth Amendment privilege. Petitioners should accordingly be relieved of compliance with the Subpoena.

Courts in this Circuit have held that the Fifth Amendment protects against compelled production by subpoena or other means where production would constitute a testimonial act in forcing the respondent to admit the existence of documents, his or her possession of them and/or their authenticity. In *United States v. Argomaniz*, the Eleventh Circuit reversed an order by the district court compelling the defendant to comply with an Internal Revenue Service summons to produce financial records in an investigation of the defendant for failing to file tax returns for certain years, holding that "[b]y producing documents in compliance with the IRS summons, [the defendant] would be establishing the existence and authenticity of the documents listed in the summons, as well as verifying that these documents were in his possession." 925 F.2d 1349, 1356 (11th Cir. 1991) (citing *Doe*, 487 U.S. at 209). And in *In re Grand Jury Subpoena*, the former Fifth Circuit held that a business owner's

5

privilege against self-incrimination protected "non-required" documents of the business from production pursuant to subpoenas issued to the business and the comptroller of the business by a grand jury which was investigating the business. 646 F.2d at 964-65.[1] Other courts have quashed subpoenas on similar grounds. *See In re Grand Jury Subpoena, Dated April 18, 2003*, 383 F.3d 905, 913 (9th Cir. 2004) (reversing district court's denial of target of antitrust investigation's motion to quash subpoena issued by grand jury commanding target to appear and testify before the grand jury and to produce all documents relating to the production or sale of certain computer components and remanding for determination of whether production of documents would be incriminating, observing that "the government has failed to demonstrate that it can authenticate the documents so broadly described in the subpoena without the identifying information that [the target] would provide by using his knowledge and judgment to sift through, select, assemble, and produce the documents"); *In re Grand Jury Proceedings; Subpoenas for Documents*, 41 F.3d 377, 384 (8th Cir. 1994) (reversing order of district court denying motion to quash grand jury subpoena *duces tecum* served upon targets of investigation, sole proprietors of automobile dealership, and seeking records relating to financial transactions, holding

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit Court of Appeals adopted as precedent all decisions from the former Fifth Circuit prior to October 1, 1981.

that the act of production of some of the documents would involve compelled testimonial self-incrimination in violation of the targets' Fifth Amendment privilege, observing that "[t]urning over documents in response to the subpoenas authenticates the documents and reveals that some of the documents relate to financial transactions"); *In re Kave*, 760 F.2d 343 (1st Cir. 1985) (reversing district court's order holding witness in contempt for failure to produce business records pursuant to a subpoena by the National Labor Relations Board, holding that the records "reportedly contain possibly incriminating evidence, which, if produced, would entail compulsory authentication by [the witness]"); *In re Grand Jury Subpoenas Duces Tecum, Aug. 1986*, 658 F.Supp. 474, 481-82 (D.Md. 1987) (quashing, based upon the Fifth Amendment, subpoenas directed to individuals with two corporations, custodians of records and an attorney for the corporations by grand jury conducting criminal tax investigation).

The Subpoena is directed to "Sutton and Associates, Inc.," but seeks the personal records of Petitioner Berrien Sutton, owner and sole officer of Petitioner Sutton and Associates, P.C. *See* Exhibit A. Petitioner plainly possesses standing to intervene and assert his privilege against self-incrimination and the attorney-client privilege. *See Appeal of Hughes*, 633 F.2d 282, 286 (3d Cir. 1980) (holding that attorney possessed standing to intervene and to assert defenses based upon attorney-

7

client privilege and attorney work product in response to subpoena *duces tecum* served upon investigator employed by attorney by grand jury which was investigating attorney's client). Petitioner Berrien Sutton is currently a target of a criminal investigation by the Grand Jury. *See Argomaniz*, 925 F.2d at 1353 ("The privilege applies only in 'instances where the witness has reasonable cause to apprehend danger' of criminal liability") (quoting *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814 (1951)).

Furthermore, any records with the scope of the Subpoena are records of Petitioner Berrien Sutton's services, of which Petitioner would have sole ownership, possession, custody and control. *See* Declaration of Berrien L. Sutton, attached hereto as Exhibit "C," ¶ 5. It is therefore immaterial that the Subpoena is directed to a non-existent corporate entity, or that any records responsive to the Subpoena would be kept by a law office which was a professional corporation, as demonstrated by *In re Grand Jury Subpoena*:

> Whether [the owner] be viewed as having clearly retained constructive possession, or as having relinquished possession to the temporary and insignificant extent necessary to enable his employees to perform their functions, delivery of his records in response to the... subpoena [to the comptroller] would "leave the personal compulsions upon (him) substantially intact." ...
> That [the comptroller] had access to the records is irrelevant, for mere access is not possession, custody, or control.

8

646 F.2d at 969 (quoting *Couch v. United States*, 409 U.S. 322, 333, 93 S.Ct. 611 (1973)).[1]

The Subpoena forces Petitioners to engage in a production which would constitute a testimonial act against their Fifth Amendment privilege—admitting that records of billing or receivables exist regarding Petitioner Berrien Sutton's representation of the named individuals and/or entity; that Petitioners have possession, custody or control of such records; and that any records produced are the

---

[1] In regard to Petitioner Sutton and Associates, P.C., Petitioners recognize that professional corporations are corporations, and typically may not raise the Fifth Amendment as a bar to production. *See In re Zuniga*, 714 F.2d 632, 642 (6th Cir. 1983) (citing *Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179 (1974)). However, Petitioners submit that Petitioner Sutton and Associates, P.C., is a small, closely-held professional corporation of which Petitioner Berrien Sutton is the primary attorney, owner and sole officer, and in which he acts in a personal, rather than a representative, capacity, more akin to a sole proprietorship. *See* Exhibit C, ¶¶ 3-5; records of the Georgia Secretary of State, attached hereto as Exhibit "D"; *In re Grand Jury Proceedings*, 601 F.2d 162, 167 (5th Cir. 1979) ("The records of a sole proprietorship are protected from disclosure as the records of an individual") (citing *Shapiro v. United States*, 335 U.S. 1, 68 S.Ct. 1375 (1948); *see also In re Grand Jury Empanelled February 14, 1978*, 597 F.2d 851, 859 (3d Cir. 1979)); *Doe*, 465 U.S. at 608 (in case where grand jury served several subpoenas on sole proprietorships owned by the defendant and the defendant moved to quash subpoenas, noting that "the owner of a sole proprietorship acts in a personal rather than a representative capacity"). Moreover, the sole proprietorship in *In re Grand Jury Subpoena* employed ten persons—a considerably larger organization than Petitioner Sutton and Associates, P.C. *See* 646 F.2d at 964.

9

records sought by the Subpoena. Accordingly, Petitioners request that the Court

quash the Subpoena and relieve Petitioners of their duty of compliance.

## B. The Subpoena Is Unreasonable and Oppressive

In addition to infringing upon Petitioners' Fifth Amendment privilege against

self-incrimination, the Subpoena at issue is subject to being quashed as unreasonable

and oppressive. Federal Rule of Criminal Procedure 17, provides, in relevant part:

> (a) Content. A subpoena must state the court's name and the title of the
> proceeding, include the seal of the court, and command the witness to
> attend and testify at the time and place the subpoena specifies.
>
> ...
>
> (c) Producing Documents and Objects.
> (1) In General. A subpoena may order the witness to produce any
> books, papers, documents, data, or other objects the subpoena
> designates...
> (2) Quashing or Modifying the Subpoena. On motion made promptly,
> the court may quash or modify the subpoena **if compliance would be
> unreasonable or oppressive**.

Fed.R.Crim.P. 17 (emphasis added).

First, the Subpoena obtained by the government from the Grand Jury is

addressed to "Sutton and Associates, Inc.," a corporation which is wholly unrelated

to Petitioners and which was administratively dissolved in 1992, as shown by records

of the Georgia Secretary of State, attached hereto as Exhibit "D." Courts have relied

upon the fact that a subpoena is directed to the wrong person or entity in quashing the

subpoena. *See Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 454 (E.D.N.C.

10

2005) (granting defendants' motion to quash subpoena where subpoena "ask[ed] the wrong entity for the requested materials"). In a case where a grand jury issued subpoenas to two corporations addressed to "[Name of Witness] or Custodian of Records [Name of Corporation]," the district court quashed the subpoenas, observing that "[n]owhere, however, is either corporation directly subpoenaed. Where a subpoena imparts such an unclear direction, it must be construed against the drafter." *In re Grand Jury Subpoenas Duces Tecum, Aug. 1986*, 658 F.Supp. at 481. In this case, the Subpoena is directed to a nonexistent entity—not Petitioner Berrien Sutton; Petitioner Sutton and Associates, P.C.; or a custodian of records for Petitioners. *See* Exhibit C. Accordingly, this Court may construe the Subpoena against the Government and rely upon the fact that the Subpoena is directed to a nonexistent entity in determining whether to quash it. Second, although the Subpoena is relatively narrow in scope in the type or category of records sought, it is wholly unlimited as to the time period covered. *See In re Heuwetter*, 584 F.Supp. 119, 124-25 (D.C.N.Y. 1984) (modifying grand jury subpoena to attorneys for client corporations, observing that "it is unreasonable for the subpoena to have no time limit"). Third, the Subpoena contains no limitation in its scope to non-privileged information or "required" records, *see In re Grand Jury Subpoena*, 646 F.2d at 964. The Subpoena further does not mention specific legal matters involving the named individuals or entity.

11

For these reasons, the Subpoena may be held to be unreasonable, overbroad or

oppressive pursuant to Rule 17(c), and Petitioners may be relieved of compliance.

## C. The Attorney-Client Privilege Protects Against Compliance with the Subpoena

The Subpoena is also unreasonable, overbroad and oppressive based upon the

fact that it clearly sweeps within its scope matters which are protected by attorney-

client privilege. Petitioners acknowledge that "[t]he identity of a client and the receipt

of attorney's fees normally are not privileged matters." *In re Grand jury Matter No.*

*91-01386*, 969 F.2d 995, 997 (11th Cir. 1992) (citing *In re Grand jury Proceedings*

*(Jones)*, 517 F.2d 666, 671 (5th Cir. 1975); *In re Grand jury Proceedings 88-9*

*(Newton)*, 899 F.2d 1039, 1042 (11th Cir. 1990)). "[M]atters regarding the payment

of attorney's fees are privileged only if 'more than simple fee information will

necessarily come to light by compliance with the order, thereby uncovering privileged

information.'" *Id.*, at 998 (quoting *In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir.

1982)). However, as the Eleventh Circuit has observed:

> Just as the client's verbal communications are protected, it follows that
> other information, not normally privileged, should also be protected
> when so much of the substance of the communication is already in the
> government's possession that additional disclosures would yield
> substantially probative links in an existing chain of inculpatory events
> or transactions.... The attorney-client privilege protects the motive itself
> from compelled disclosure and the exception to the general rule protects

12

the clients' identities when such protection is necessary in order to preserve the privileged motive.

*In re Grand jury Proceedings (GJ90-2)*, 946 F.2d 746, 748 (11th Cir. 1991)

(reversing order of district court holding attorney in contempt for failure to comply

with grand jury subpoena which sought the name of the attorney's client) (quoting *In*

*re Grand jury Proceedings (Jones)*, 517 F.2d 666; citing *In re Grand jury*

*Proceedings 88-9 (Newton)*, 899 F.2d 1039; *In re Slaughter*, 694 F.2d 1258; *In re*

*Grand jury Proceedings (Twist)*, 689 F.2d 1351, 52-53 (11th Cir. 1982)).

Furthermore, as the Eleventh Circuit has observed regarding billing information

similar to that sought by the Subpoena in this case:

The district court must determine whether that other information is normally protected by the attorney-client privilege and, if so, whether the client reasonably expected the attorney to keep that information secret. For example, a receipt or ledger entry might read, "X dollars, received in payment of fees owed for services rendered in connection with researching theory Y and interviewing witness Z." Or, the same documents might read, "X dollars, received in payment of retainer to secure services in paying unpaid taxes to IRS." **Obviously, disclosure of those records would reveal other, normally privileged information, which the client might reasonably have expected the attorney to keep confidential.**

*In re Grand Jury Proceedings*, 896 F.2d 1267, 1275 (11th Cir. 1990) (emphasis

added), *vacated as moot In re Grand Jury Proceedings*, 904 F.2d 1498 (11th Cir.

1990).

13

In this case, the Subpoena includes within its broad scope information which would reveal the motives or purposes of representations of clients by Petitioner Berrien Sutton. Furthermore, production of Petitioner's billing records would reveal other aspects of the representation which Petitioner's clients would expect to be privileged or kept confidential, including, but not limited to, potential communications with clients, the nature of the representation, and legal issues or theories raised by the representation and investigated by Petitioner, and the services performed by Petitioner. *See In re Grand Jury Proceedings*, 601 F.2d 162, 172 (5th Cir. 1979) (reversing district court's denial of accountant's motion to quash grand jury subpoena seeking business records and order holding accountant in criminal contempt, based in part on the fact that "the subpoena [was] overbroad, and because compliance would have required [the accountant] to irrevocably to surrender materials he was entitled to keep confidential...").

The Government, through the Grand Jury Subpoena, is unquestionably seeking evidence regarding the motives, especially any financial motives, for the alleged legal representations for the purposes of possible criminal charges against Petitioners and/or the other named individuals or entity. However, any such alleged motives are shielded from disclosure pursuant to the attorney-client privilege, as shown by the authorities above.

14

Despite the general rule that fee information is normally not privileged, courts

have quashed grand jury subpoenas seeking fee or billing information on the basis of

attorney-client privilege. In *In re Grand Jury Matters*, a federal grand jury served

subpoenas on several attorneys who were representing clients in state criminal

proceedings directed them to appear before the grand jury and produce any and all

records concerning legal fees, expenses, and any and all other monies paid to or

received by the attorneys or their law firms by or on behalf of their clients, and two

of the attorneys moved to quash, asserting their clients' Fifth and Sixth Amendment

rights and attorney-client privilege. 593 F.Supp. 103, 104 (D.N.H. 1984). In granting

the attorneys' motions, the district court observed that it was faced with "a demand

that is troublesome on its face-a demand that a lawyer be forced to testify about his

work in supposed defense of a client," *id.*, at 106, and concluded that, pursuant to the

attorney-client privilege:

> [C]orrespondence between attorney and client which reveals the client's
> motivation for creation of the relationship or possible litigation strategy
> ought to be protected. Similarly, bills, ledgers, statements, time records
> and the like which also reveal the nature of the services provided, such
> as researching particular areas of law, also should fall within the
> privilege.

*Id.*, at 107.

15

The Subpoena in this case is even more troublesome than the subpoena at issue in *In re Grand Jury Matters*, in that it is issued to an attorney who is also a judge, and forces him to testify and produce records relating to multiple clients. As with the subpoena in that case, the Subpoena in this case also seeks records which would reveal the motives and strategy for the representation. In addition, in contrast to most cases in this Circuit involving grand jury subpoenas to attorneys, in this case the attorney from whom records are sought is also a target of the Grand Jury's investigation. *Compare In re Slaughter*, 694 F.2d at 1260 (affirming denial of attorney's motion to quash grand jury subpoenas served upon him seeking information relating to the payment of attorney's fees by clients of attorney being investigated for tax evasion, racketeering, drug related crimes and conspiracies).

This Court should therefore hold that the requested records are protected from disclosure pursuant to that attorney-client privilege. Such a holding is further supported by the fact, upon information and belief, the Government either possesses information regarding Petitioner Berrien Sutton's representation of clients, or is able to obtain such information through means other than a Grand Jury Subpoena. As one court has observed:

> Merely because attorney fee information is not privileged, such information may not be obtained through a grand jury subpoena at all

16

> times and under all circumstances. The grand jury may not be used by
> the government for pretrial criminal discovery.

*Matter of Grand Jury Subpoenas Issued May 3, 1994 for Nash*, 858 F.Supp. 132, 134

(D.Ariz. 1994) (citing *United States v. Thompson*, 944 F.2d 1331, 1337 (7th Cir.

1991); *United States v. Jenkins*, 904 F.2d 549, 559 (10th Cir. 1990); *In re Grand Jury*

*Subpoena Duces Tecum dated January 2, 1985 (Simels)*, 767 F.2d 26, 30 (2nd Cir.

1985); 8 J. Moore, *Moore's Federal Practice* 6.04[5] at 6-86 (1984)). Forcing

Petitioners to produce evidence contrary to the attorney-client privilege and their

Fifth Amendment privilege should not be required.

## III. CONCLUSION

For the reasons set forth herein, Petitioner Berrien Sutton and Petitioner Sutton

and Associates, P.C., respectfully request that their Motion to Quash Subpoena to

Testify Before Grand Jury be granted and that Petitioners be relieved of any

compliance with the Subpoena to Testify Before Grand Jury. In the event that any

compliance with the Subpoena to Testify Before Grand Jury is required, Petitioners

respectfully request that this Court conduct an *in camera* inspection of any documents

and only allow disclosure of information not subject to any privilege or other

protection.

17

Respectfully submitted, this 4th day of March, 2008.

s/Thomas A. Withers

Thomas A. Withers, Esq.
Georgia Bar No. 772250
GILLEN WITHERS & LAKE, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (404) 842-9700
Facsimile: (404) 842-9750
E-mail: **twithers@gwllawfirm.com**

*Counsel for Berrien Sutton and*
*Sutton and Associates, P.C.*

18

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

IN RE SUBPOENA TO TESTIFY
BEFORE GRAND JURY

)
) No. _____
)
) **UNDER SEAL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this 4th day of March, 2008,

served copies of the foregoing Berrien Sutton's and Sutton and Associates, P.C.'s

Motion to Quash Subpoena to Testify Before Grand Jury and Berrien Sutton's and

Sutton and Associates, P.C.'s Brief in Support of Motion to Quash Subpoena to

Testify Before Grand Jury via United States mail, overnight delivery, on the

following:

**Jim Crane, Esq.**
**Assistant United States Attorney**
**Leah E. McEwen, Esq.**
**Assistant United States Attorney**
**United States Attorney's Office for the Middle District of Georgia**
P.O. Box 366
Albany, Georgia 31701

1

s/Thomas A. Withers
Thomas A. Withers, Esq.
Georgia Bar No. 772250
GILLEN WITHERS & LAKE, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone:   (404) 842-9700
Facsimile:   (404) 842-9750
E-mail: **twithers@gwllawfirm.com**

*Counsel for Berrien Sutton and*
*Sutton and Associates, P.C.*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

IN RE SUBPOENA TO TESTIFY )
BEFORE GRAND JURY ) No. _____
)
) **UNDER SEAL**

## BERRIEN SUTTON'S AND SUTTON AND ASSOCIATES, P.C.'S
## MOTION TO QUASH SUBPOENA
## TO TESTIFY BEFORE GRAND JURY

## EXHIBIT A

**Filed** 4:01 PM
**DATE** 3/5/08
**DEPUTY** _____ DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

02/07/2008 14:23 2294307766 US ATTY OFF PAGE 04/11

# United States District Court

____MIDDLE____ DISTRICT OF ____GEORGIA____

TO: SUTTON AND ASSOCIATES, INC.

SUBPOENA TO TESTIFY
BEFORE GRAND JURY

SUBPOENA FOR:
✓ PERSON    ✓ DOCUMENT(S) OR OBJECT(S)

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE<br>United States District Court<br>Middle District of Georgia<br>475 Mulberry Street<br>Macon, Georgia 31201 | COURTROOM<br>3rd Floor |
| --- | --- |
| | DATE AND TIME<br>3/11/2008 at 10:00 a.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

All billing records and accounts receivable related to Berrien Sutton's representation of Blitch Ford, Brett Blitch, Margaret "Peg" Blitch, and/or Judge Brooks E. Blitch.

In lieu of personal appearance, and with the understanding that the respondent will make witnesses available to respond to questions concerning the documents, information, and/or tangible objects produced, the respondent may deliver the requested documents, information, and/or tangible objects to Special Agent C. Anthony Smith, Federal Bureau of Investigation, 401 N. Patterson St., Room 266, Valdosta, GA 31601, (229)247-2292, or any other authorized agent from the Federal Bureau of Investigation, not later than one business day prior to the return date and time indicated on this subpoena.

Please call the undersigned Assistant United States Attorney at (877) 537-3811, the workday before you need to leave your residence to attend court to verify the date and time that your appearance is required.

☐ Please see additional information on reverse

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK<br>Gregory J. Leonard<br>(BY) DEPUTY CLERK | DATE<br>02/07/2008 |
| --- | --- |
| This subpoena is issued on application of the United States of America.<br><br>Maxwell Wood<br>United States Attorney | NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTY.<br>AUSA JIM CRANE<br>AUSA LEAH E. MCEWEN<br>US ATTORNEY'S OFFICE<br>P.O. BOX 366<br>ALBANY, GA 31701 1-877-537-3811 |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

IN RE SUBPOENA TO TESTIFY                )
BEFORE GRAND JURY                        ) No. _____
                                         )
                                         ) **UNDER SEAL**

## BERRIEN SUTTON'S AND SUTTON AND ASSOCIATES, P.C.'S
## MOTION TO QUASH SUBPOENA
## TO TESTIFY BEFORE GRAND JURY

## EXHIBIT B

Filed at 4:00 P M
DATE 3/5/08
[signature]
DEPUTY CLERK DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA



## U.S. Department of Justice

**United States Attorney**
**Middle District of Georgia**

---

**United States Courthouse**
**201 West Broad Avenue**          **229-430-7754**
**Post Office Box 366**       **FAX 229-430-7766**
**Albany, Georgia 31702**

June 29, 2007

Mr. Charlie Cox
P.O. Box 67
Attorney at Law
Macon, Ga. 31202
cecoxjr@cbi.mgacoxmail.com

Mr. Tom Withers
Gillen, Parker & Withers
8 East Liberty Street
Savannah, Ga. 31401
twithers@gcpwlaw.com

Via e-mail with letter in pdf format

Re: Status of Berrien and Lisa Sutton

Dear Charlie and Tom:

Both Berrien Sutton and his wife, Lisa Sutton, are now targets of a federal grand jury investigation concerning certain offenses related to corruption and embezzlement. As you know this means that they are likely to be indicted in the near future; however, we do not have a date certain for presentation of an indictment to the grand jury.

The Suttons are each invited to testify before the grand jury. If either of the Suttons are interested in pleading guilty to an information and cooperating, please advise us as soon as possible. We are prepared to offer a plea to § 371 conspiracy which would cap any potential sentence to a maximum of five years. This offer will expire on August 1, 2007. Thereafter we will entertain plea negotiations, but will not renew this offer to a five-year sentence.

Please advise as soon as possible what your clients intend to do.

Sincerely,

MAXWELL WOOD
UNITED STATES ATTORNEY

/s/

By:     JIM CRANE and
LEAH McEWEN
ASSISTANT U.S. ATTORNEYS

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

IN RE SUBPOENA TO TESTIFY
BEFORE GRAND JURY

)
) No. _____
)
) **UNDER SEAL**

**BERRIEN SUTTON'S AND SUTTON AND ASSOCIATES, P.C.'S**
**MOTION TO QUASH SUBPOENA**
**TO TESTIFY BEFORE GRAND JURY**

**EXHIBIT C**

Filed at _____ PM
DATE _____
_____
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE SUBPOENA TO TESTIFY | ) | Action No. _____ |
| BEFORE GRAND JURY | ) | |
| | ) | **UNDER SEAL** |

## DECLARATION OF BERRIEN L. SUTTON

Filed at ___4:00 P M___
DATE 3/5/08

DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

1

Pursuant to Title 28 U.S.C. § 1746, I, Berrien L. Sutton, declare the following:

1.      I am over the age of 18, suffer from no legal disabilities, and have personal knowledge of the facts alleged herein.

2.      I am the owner, Chief Executive Officer, Chief Financial Officer and Secretary of Sutton and Associates, P.C., a Georgia professional corporation formed in March, 1993, with its offices currently located at 172 West Dame Avenue, Homerville, Georgia 31634.

3.      I am currently the only attorney of Sutton and Associates, P.C., and have been since August 1, 2007 . I have  one full time employee and 5 part time employees.

4.      I exercise sole ultimate ownership, possession, custody and control over Sutton and Associates, P.C. The current business of Sutton and Associates, P.C., is comprised entirely by my personal, solo law practice.

5.      Although other attorneys or employees with Sutton and Associates, P.C., have, or have had, access to fee and billing records for my services, I exercise sole ultimate ownership, possession, custody and control over these records.

I declare under penalty of perjury that the foregoing is true and correct.

2

This 4th day of March, 2008.

Berrien L. Sutton

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

|  |  |
|---|---|
| IN RE SUBPOENA TO TESTIFY<br>BEFORE GRAND JURY | )<br>) No. _____<br>)<br>) **UNDER SEAL** |

## BERRIEN SUTTON'S AND SUTTON AND ASSOCIATES, P.C.'S
## MOTION TO QUASH SUBPOENA
## TO TESTIFY BEFORE GRAND JURY

## EXHIBIT D

Filed at _____

DATE _____

DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA



# Georgia Secretary of State
# *Karen C. Handel*

Archives · Corporations · Elections · News Room · Professional Licensure · Securities · State Capitol

Search
▶ **By Business Name**
▶ **By Control No**
▶ **By Officer**
▶ **By Registered Agent**
    Verify
▶ **Verify Certification**
    New Filing
▶ **Click here to file online for:**
▶ **New Limited Liability Company (LLC)**
▶ **New Business Corporation**
▶ **New Non-Profit Corporation**
▶ **New Professional Corporation (PC)**
    Annual Registration
▶ **Annual Registration**
    Name Reservation
▶ **File Name Reservation**
  **Online**
    Online Orders
▶ **Register for Online**
  **Orders**
▶ **Order Certificate of Existence**
▶ **Order Certified Documents**

Search Type: Starting With     Search Criteria: Sutton and Associates

Search Date: 3/4/2008     Search Time: 11:57

Click on the Business Entity Name or Control No to view more information.

Records Found:2

| Business Entity Name | Control No | Type | Status | Entity Creation Date |
|---|---|---|---|---|
| SUTTON & ASSOCIATES, P.C. | K307736 | Professional Corporation | Active/Owes Current Year AR | 3/8/1993 |
| SUTTON AND ASSOCIATES, INC. | A905135 | Profit Corporation | Automated Administrative dissolution/Revocation | 9/26/1969 |

Records Returned 1 of 2 total 2

Business Entity                                                                      Page 1 of 1



# Georgia Secretary of State
# *Karen C. Handel*

Archives · Corporations · Elections · News Room · Professional Licensure · Securities · State Capitol

| Search | **View Filed Documents** |
|---|---|

▶ By Business Name
▶ By Control No
▶ By Officer
▶ By Registered Agent
  Verify
▶ Verify Certification
  New Filing
▶ Click here to file online for:
▶ New Limited Liability Company (LLC)
▶ New Business Corporation
▶ New Non-Profit Corporation
▶ New Professional Corporation (PC)
  Annual Registration
▶ Annual Registration
  Name Reservation
▶ File Name Reservation
  Online
  Online Orders
▶ Register for Online
  Orders
▶ Order Certificate of Existence
▶ Order Certified Documents

**Date: 3/4/2008**   (Annual Registration
                        History etc.)

**Business Name History**

| Name | Name Type |
|---|---|
| SUTTON AND ASSOCIATES, INC. | Current Name |

**Profit Corporation - Domestic - Information**

| | |
|---|---|
| **Control No.:** | A905135 |
| **Status:** | Automated Administrative dissolution/Revocation |
| **Entity Creation Date:** | 9/26/1969 |
| **Dissolve Date:** | 1/9/1992 |
| **Jurisdiction:** | GA |
| **Principal Office Address:** | 194 EVELYN ST NW MARIETTA GA 30064-2138 |

**Registered Agent**

| | |
|---|---|
| **Agent Name:** | SUTTON, ROBERT L., JR. |
| **Office Address:** | 194 EVELYN ST NW MARIETTA GA 30064 |
| **Agent County:** | |

**Officers**

| | |
|---|---|
| **Title:** | CEO |
| **Name:** | SUTTON, ROBERT L., JR. |
| **Address:** | 194 EVELYN STREET NW MARIETTA GA 30064 |
| **Title:** | CFO |
| **Name:** | SUTTON, NANCY |
| **Address:** | [Address Not Available] |



# Georgia Secretary of State
# Karen C. Handel

Archives · Corporations · Elections · News Room · Professional Licensure · Securities · State Capitol

Search
▶ By Business Name
▶ By Control No
▶ By Officer
▶ By Registered Agent
  Verify
▶ Verify Certification
  New Filing
▶ Click here to file online for:
▶ New Limited Liability Company (LLC)
▶ New Business Corporation
▶ New Non-Profit Corporation
▶ New Professional Corporation (PC)
  Annual Registration
▶ Annual Registration
  Name Reservation
▶ File Name Reservation
  Online
  Online Orders
▶ Register for Online
  Orders
▶ Order Certificate of Existence
▶ Order Certified Documents

## View Filed Documents

Date: 3/4/2008   (Annual Registration History
etc.)

### File Annual Registration Online
or
### Print A Paper Annual Registration Form

PLEASE NOTE: To download your Annual Registration forms you will need Adobe Reader to view and/or print. If you do not have Adobe Reader installed on your computer, click the "Get Adobe Reader" button on the right to download the reader free of charge from the Adobe website.



## Business Name History

| Name | Name Type |
|---|---|
| SUTTON & ASSOCIATES, P.C. | Current Name |

### Professional Corporation - Domestic - Information
| | |
|---|---|
| Control No.: | K307736 |
| Status: | Active/Owes Current Year AR |
| Entity Creation Date: | 3/8/1993 |
| Jurisdiction: | GA |
| Principal Office Address: | PO BOX 496 HOMERVILLE GA 31634-0496 |
| Last Annual Registration Filed Date: | 3/23/2007 |
| Last Annual Registration Filed: | 2007 |

### Registered Agent
| | |
|---|---|
| Agent Name: | BERRIEN L. SUTTON |
| Office Address: | 172 W DAME AVE HOMERVILLE GA 31634 |
| Agent County: | CLINCH |

### Officers
| | |
|---|---|
| Title: | CEO |
| Name: | BERRIEN L SUTTON |
| Address: | 172 W DAME AVE HOMERVILLE GA 31634 |
| Title: | CFO |
| Name: | BERRIEN L SUTTON |
| Address: | 172 W DAME AVE HOMERVILLE GA 31634 |
| Title: | Secretary |
| Name: | BERRIEN L. SUTTON |
| Address: | 172 W DAME AVE HOMERVILLE GA 31634 |